IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

IN RE:

ERNEST S. WILLIAMS

DEBTOR

ROBERT L. SHIELDS, III, Trustee

PLAINTIFF

VS

RLI INSURANCE COMPANY

DEFENDANT

BK 09-72750-CMS-7

AP 10-70005-CMS

## MEMORANDUM OPINION

This adversary proceeding came before the court on the Trustee's Motion for Temporary Restraining Order and for Preliminary Injunction ("Motion") and on RLI Insurance Company's ("RLI") Objection to [Trustee's] Motion for Temporary Restraining Order and for Preliminary Injunction ("Objection"). William Dennis Shilling appeared on behalf of the Trustee; Thomas L. Seldon appeared on behalf of RLI. After consideration of the evidence submitted at the hearing and the arguments of the parties the court **SUSTAINS** the Objection filed by RLI and **DENIES** the Motion filed by the Trustee.

## JURISDICTION

The Bankruptcy Court has jurisdiction of this case pursuant to 28 U.S.C. § 1334(a). This court has jurisdiction of this issue, a core bankruptcy proceeding, pursuant to 28 U.S.C. § 157(b). Jurisdiction is referred to the bankruptcy courts by the General Order of Reference of the United States District Courts for the Northern District of Alabama, Signed July 16, 1984, As Amended July

17, 1984.

## FINDING OF FACTS

In his Motion, the Trustee requests the court enter a temporary restraining order and preliminary injunction to prevent continuation of proceedings in a state court action. A short history of the state court action follows.

RLI issued a series of performance and payment bonds on behalf of Fair Contracting Company ("Fair Company") in connection with various construction projects. Subsequent to the issuance of these bonds, RLI advanced $800,000.00 to Fair Contracting through a Promissory Note dated May 20, 2002, so that Fair Contacting could finance, and avoid default on several of the jobs bonded by RLI. The Note was secured by a Letter of Credit in the amount of $250,000.00 issued by Regions Bank at the request of Alyth Properties, Ltd. ("Alyth Properties"). The Letter of Credit was secured by a Regions Bank Certificate of Deposit in the amount of $250,000.00, allegedly owned by Ernest S. Williams ("Debtor").

A demand was made by RLI to Regions Bank to honor the Letter of Credit. On May 18, 2007, Fair Contracting Company, Alyth Properties, and the Debtor filed an action in Tuscaloosa County Circuit Court, which was assigned case number CV-2007-604, seeking to enjoin RLI from making draws on the Letter of Credit at Regions Bank.[1] The state court issued an injunction stopping the payment on the Letter of Credit pending resolution of disputes as to whether or not there were any monies due RLI. RLI filed counterclaims in the state court action seeking to determine its rights under the Letter of Credit.

On October 16, 2009, the Debtor filed an individual bankruptcy petition under Chapter 7 of

---

[1]Fair Contracting and Alyth Properties are not debtors in any bankruptcy case.

2

the Bankruptcy Code. On November 6, 2009, RLI filed a Motion to Restore Case to Active Trial Docket as to Co-Defendants Fair Contracting and Paul Lasseter and for Adjudication of Letter of Credit Issues in which RLI sought the following relief: to "restore this cause to the active trial docket as to RLI's claims against Fair Contracting Company and Paul Lasseter, who are not debtors in bankruptcy proceedings, and to determine all issues pending relating to the letter of credit, which is not owned by the debtor in bankruptcy, Ernest S. Williams." On February 2, 2010 RLI filed a Motion to Dissolve Injunction in State Court in which RLI sought the following relief: "to dissolve the injunction against calling upon the Letter of Credit issued by Regions Bank." By filing the instant Motion, the Trustee seeks to enjoin RLI from pursuing either motion in the state court action.

## CONCLUSIONS OF LAW

The Trustee seeks an enjoinment of the state court action in which RLI seeks to draw on the Letter of Credit issued by Regions Bank. In determining whether to grant the Trustee's request, the court must first determine whether the Letter of Credit is property of the estate. If the Letter of Credit is property of the estate, then the automatic stay provided by 11 U.S.C. § 362(a) would be in place and the state court action would be enjoined, making it unnecessary for this court to grant the Trustee's Motion. This court has determined that the Letter of Credit is not property of the estate. See e.g., Page v. First Nat'l Bank of Maryland (In re Page), 18 B.R. 713, 715 (D. D.C. 1982) ("[N]either the letter of credit nor its proceeds are property of the estate under the Bankruptcy Code."); Trustee v. West Virginia (In re War Eagle Constr. Co., Inc.), 283 B.R. 193, 201 (Bankr. S.D. W.Va. 2002) ("It is well-established that a letter of credit and the proceeds therefrom are not property of the debtor's estate under 11 U.S.C. § 541."); Sabratek Corp. v. Lasalle Bank (In re Sabratek Corp.), 257 B.R. 732 (Bankr. D. Del 2000). Because the Letter of Credit is not property

3

Case 10-70005-CMS    Doc 18    Filed 06/30/10    Entered 06/30/10 17:14:14    Desc Main
Document      Page 3 of 7

of the estate, the automatic stay is not in place and there is no current injunction against RLI continuing the state court litigation against non-debtors. Therefore, only upon a showing that the court should enjoin actions against non-debtors or non-estate assets can a preliminary injunction issue.

In determining whether to grant a preliminary injunction, the court should consider four factors: "(1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is granted; and (4) the public interest." In re Sabratek Corp., 257 B.R. at 735. "The court should issue the injunction only if the plaintiff produces evidence that all four factors favor granting the injunction." Id. The Trustee, the plaintiff in this case, has failed to show that he is likely to prevail on the merits at a final hearing, failed to show that the estate would be irreparably harmed by the continuation of the state court action, and failed to show that RLI would not be irreparably harmed if the preliminary injunction is granted.

To succeed in obtaining a preliminary injunction, the Trustee must show that he is likely to prevail in his request for a permanent injunction. The Trustee argues that a permanent injunction against the state court action is necessary because such state court action violates the automatic stay provisions of § 362. Specifically, the Trustee argues that if RLI is successful in its counterclaims in the state court action, RLI will have the right to draw on the Letter of Credit. If this happens, Regions Bank might draw on the Certificate of Deposit that is allegedly owned by the Debtor which is security for the Letter of Creditor. The Trustee's argument is not well-taken. In a strikingly similar case, summarized in the In re Sabratek Corp. opinion, it was decided that:

4

> In *Page*, an individual and her limited partnership, both Debtors, procured a letter of credit from the Bank. To secure the letter of credit the Debtors pledged a $100,000 certificate of deposit and second deed of trust on real estate. After the Debtors filed for bankruptcy, a creditor sought to draw on the letter of credit. The Debtors sought an injunction. The Court found that drawing on the letter of credit will not divest the estate of property since neither the letter of credit not its proceeds are property of the estate. Although drawing on the letter will immediately give rise to a claim by the Bank against the Debtors pursuant to the indemnification obligations, the Bank's liens were already perfected, so drawing upon the letter of credit did not create or perfect a lien. Therefore, the Court held that no injunction was warranted.

In re Sabratek Corp., 257 B.R. at 736 (citing Page v. First Nat'l Bank of Maryland (In re Page), 18 B.R. 713). This court concludes that permitting the draw on the letter of credit in this case will not have the type of adverse impact which is required for the extraordinary remedy of an injunction. Therefore, this court further concludes that the Trustee is not likely to succeed in his request for a permanent injunction.

To succeed in obtaining a preliminary injunction, the Trustee must show that the estate would be irreparably harmed by the continuation of the state court action. The Trustee asserts that permitting RLI to continue the state court action will cause the estate irreparable harm because if RLI is successful in its counterclaims in the state court action, RLI will have the right to draw on the Letter of Credit. If this happens, Regions Bank might draw on the Certificate of Deposit that is allegedly owned by the Debtor which is security for the Letter of Creditor. If the bank draws on the Certificate of Deposit that would have an adverse impact on the estate because it would decrease estate assets. The Trustee's argument is not well-taken. If RLI is successful in proving that it is entitled to be paid by Regions Bank pursuant to the Letter of Credit, this will give rise to a claim by Regions Bank against the Certificate of Deposit allegedly owned by the Debtor. However, if the Certificate of Deposit is owned by the Debtor, it is property of the estate pursuant to § 541 and

5

Regions Bank would have to seek relief from the automatic stay before seeking to draw down the Certificate of Deposit. The state court action involves the Letter of Credit issued by Regions Bank to RLI; it does not determine the validity of the security agreement between Regions Bank and the Debtor concerning the Certificate of Deposit. That is a question that will be decided by this court at a later date assuming Regions Bank eventually requests that this court modify the automatic stay so that it can draw down on the Certificate of Deposit. Because there are protections in place to insure that the Certificate of Deposit will remain intact until this court rules otherwise, the Trustee has failed to show that the preliminary injunction is necessary to avoid irreparable harm to the estate.

To succeed in obtaining a preliminary injunction, the Trustee must show that RLI would not be irreparably harmed if the preliminary injunction is granted. The Trustee has failed to do so.

> It is well established that a letter of credit and the proceeds therefrom are not property of the debtor's estate under 11 U.S.C. § 541. When the issuer honors a proper draft under a letter of credit, it does so from its own assets and not from the assets of its customer who caused the letter of credit to be issued. As a result, a bankruptcy trustee is not entitled to enjoin a post petition payment of funds under a letter of credit from the issuer to the beneficiary, because such a payment is not a transfer of debtor's property (a threshold requirement under 11 U.S.C. § 547(b))...
>
> Recognizing these characteristics of a letter of credit in a bankruptcy case is necessary in order to maintain the independence principle, the cornerstone of letter of credit law. Under the independence principle, an issuer's obligation to the letter of credit's beneficiary is independent from any obligation between the beneficiary and the issuer's customer. All a beneficiary has to do to receive payment under a letter of credit is to show that it has performed all the duties required by the letter of credit. Any disputes between the beneficiary and the customer do not affect the issuer's obligation to the beneficiary to pay under the letter of credit.

<u>Kellogg v. Blue Quail Energy, Inc. (In re Compton Corp.)</u>, 831 F.2d 586, 589-90 (5th Cir. 1987) (citations omitted). In other words, the Letter of Credit issued in this case is a separate and independent obligation between Regions Bank and RLI, which RLI entered into so that in the event

6

of any disagreement, the principle of "pay first, litigate later" would apply and RLI would not have to wait for payment. In re Sabratek Corp., 257 B.R. at 738 ("Parties insist upon receiving letters of credit specifically so that they will not have to wait for payment or, even worse, sue and wait for payment."). Therefore, this court concludes that RLI would be irreparably harmed by the preliminary injunction as it would further delay the determination of its rights to draw on the Letter of Credit and any such delay "eliminates the benefit of having obtained the letter of credit-the assurance of prompt payment." Id. at 738.

The Trustee, having failed to show that he is likely to prevail on the merits at a final hearing, failed to show that the estate would be irreparably harmed by the continuation of the state court action, and failed to show that RLI would not be irreparably harmed if the preliminary injunction is granted, has also failed to show that he is entitled to a preliminary injunction against the continuation of the state court action. Therefore, the court **SUSTAINS** the Objection filed by RLI and **DENIES** the Trustee's Motion.

An Order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this June 30, 2010.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge

7